G. RADKE *et al.* v. STATE.

No. A-3041—Opinion Filed Feb. 21, 1920.

(187 Pac. 500.)

(Syllabus.)

1.    **HOMICIDE—Parties—"Principal"—Aiding or Abetting.** One who aids or abets in perpetrating a homicide is guilty as a "principal."

2.    **SAME.** Where three persons willingly and jointly engage in an attack upon another, or two of them abet the other in making such attack, in which a blow is struck by one of the attacking parties which results in the death of the party attacked, all of the attacking and abetting parties are liable for the homicide resulting, regardless of which of them struck the fatal blow.

3.    **TRIAL—Directed Verdict—Right to.** Where there are facts from which the jury can legitimately deduce either of two conclusions, a motion for a directed verdict should always be denied.

*Appeal from District Court, Washita County, Thomas A. Edwards, Judge.*

Gottfried Radke and R. Reinholdt Radke were convicted of manslaughter in the first degree, and they appeal. Affirmed.

*Massingale & Duff,* for plaintiffs in error.

ARMSTRONG, J.   Plaintiffs in error, Gottfried Radke and Reinholdt Radke, hereinafter called defendants, were jointly informed against with Jacob Roesler for the murder of Mattius Kempf, jointly tried and convicted of manslaughter in the first degree, and each sentenced to imprisonment in the penitentiary at McAlester for a term of four years. To reverse the judgment rendered, they prosecute this appeal.

The uncontradicted evidence is: That the deceased came to his death from a blow struck upon his head which fractured his skull. The blow was inflicted with a heavy blunt instrument. The other material testimony is in irreconcilable conflict. The evidence on the part of the state shows that the defendant Roesler struck the deceased, and he and the deceased engaged in a fight in which Roesler cut the deceased. The first fight ended, and the deceased and the defendant separated. Shortly after the termination of this difficulty another of the defendants, Gottfried Radke, appeared on the scene coming from his home, which was near by, armed with a gun, which he pointed towards and threatened to shoot deceased, asking the defendant Roesler if he should do so. Roesler replied, "Shoot him! shoot him!" and the defendant Gottfried Radke pulled the gun back and hit the deceased over the head, and the deceased jerked the gun out of his hands and hit him, and another fight ensued in which the three defendants joined, each being armed with a club, and Roesler hit the deceased with a club about two feet long and three inches thick and knocked him down, and the three defendants continued to beat him. All of them, after the deceased was down and unconscious, were upon and pounding him. That the deceased in an unconscious state remained lying upon the ground, and Roesler applied water to and washed the blood off his face until the arrival of several persons, when the deceased was removed to his home, and shortly thereafter taken to a hospital in Clinton, where about five hours after being struck and rendered unconscious he expired from the effects of the blow upon his head which fractured his skull. That the deceased was not armed just prior to or at the time he received his mortal wound.

The three defendants each testified in their own behalf, and positively denied every material part of the evidence of the state which in any way tended to incriminate them or either one of them as guilty of the offense charged; also that the deceased sought and brought on the difficulty which resulted in his death; that the deceased and the two Jointz boys, each armed with a club, were fighting Roesler; and that neither one of the other defendants was engaged in the fight which resulted in the death of the deceased.

Upon the conclusion of the evidence each of the defendants separately requested the court to instruct the jury to find each of them not guilty, which the court refused to do, and each of the defendants separately excepted.

The defendants requested the court to give the jury the following instruction:

"No. 7:   You are further instructed that, if you believe from the evidence that one of the defendants on trial killed the deceased, Mattius Kempf, but entertain a reasonable doubt as to which of the defendants killed the deceased, then each of the defendants is entitled to the benefit of the doubt and should be acquitted, unless you further find from the evidence beyond a reasonable doubt that a conspiracy or combination existed between the defendants to kill the deceased or to commit an unlawful act upon him, and in pursuance of such conspiracy or combination the deceased was killed."

The following are the only alleged errors discussed in defendants' brief:

(1)   Refusal of the court to direct the jury to return a verdict of not guilty as to each of said defendants Gottfried and Reinholdt Radke.

(2) Refusal of the court to give the jury requested instruction No. 7.

It is strenuously argued by defendants, and numerous authorities cited in support of their argument, that the court committed reversible error in refusing to instruct the jury to return a verdict of acquittal for each of said defendants for the reason that there is not sufficient evidence to support their legal conviction. This argument we think unsound.

While the material evidence, except as to the cause of the homicide, which is admitted, is in direct conflict as to the defendants having participated in the attack upon the deceased which resulted in his death, there is evidence that they and each of them at the time the fatal blow was struck were aiding the nonappealing defendant in his fight with the deceased, that all three of them were on top of him beating him with clubs, that it was a mutual combat in which all three of the defendants engaged in aid of the nonappealing defendant, and hence there was a question of fact which the jury alone could legally determine, and therefore the court did not err in refusing to direct a verdict for the defendants or either of them.

The jury being the exclusive triers of the facts, where, as in the instant case, there is evidence, though there is evidence in direct conflict therewith, that the defendants willingly engaged in and aided the nonappealing defendant in an attack upon the deceased which resulted in his death, a request for a directed verdict should always be denied. When the evidence presents facts from which the jury can legitimately deduce either of two conclusions, the conclusion which they adopt must not be directed by the court.

That the jury found the controverted facts against the evidence of the defendants and further found that the defendants aided and abetted in the death of the deceased is necessarily shown by the verdict returned.

"All persons concerned in the commission of a felony, whether they directly commit the act, * * * or aid and abet in its commission, * * * must be prosecuted, tried and punished as principals." Section 5757, Revised Laws 1910.

In *Weatherholt v. State*, 9 Okla. Cr. 161, 131 Pac. 185, it is held:

"One who is present, aiding and abetting in a murder, is guilty as a principal, though another does the killing."

The court did not err in refusing to direct a verdict for the defendants or either one of them.

It being admitted by defendants that deceased came to his death from a blow on his head, and there being evidence that the blow was inflicted at a time that all three of the defendants were jointly engaged in an attack upon the deceased, it was immaterial which one of them inflicted the blow, as each of them is liable for the act, and all of them subject to trial and conviction for the death of the deceased, regardless of which of the defendants inflicted the fatal blow; hence the court did not err in refusing to give the jury requested instruction numbered 7.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.