## ANDREW DEAN v. STATE.

No. A-7421.  Opinion Filed June 28, 1930.
(289 Pac. 793.)

P. A. Chappelle, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, referred to herein as the defendant, was convicted of burglary, as charged in the information, and his punishment fixed at imprisonment in the state penitentiary for a period of 10 years. From the judgment, the defendant has appealed.

The testimony in this case shows that the defendant broke into the home of Dr. S. J. Bradfield, in the city of Tulsa, on the 30th day of October, 1928, and took therefrom a $10 gold piece and several $1 bills and a purse belonging to the wife of Dr. Bradfield. Mrs. Grace Bradfield, the wife of Dr. Bradfield testified she saw the defendant pass her window in the early morning, and later heard a noise at her back porch screen, and, when she got up from her bed and went into a room, she there saw the defendant; the defendant ran out of the house and down the street; she called the police and the defendant was arrested about two blocks from the house, and on him at the time was the $10 gold piece and other change. The defendant was positively identified by Mrs. Bradfield as the man who passed her window, and later, hearing the noise in the house, she entered the room and saw him at the dresser. The officer testified to arresting the defendant and finding the $10 gold piece and some other change on his person. No testimony was offered on behalf of the defendant.

The defendant has assigned several errors alleged to have been committed by the trial court, but the only error argued is the first assignment, that the court erred in overruling the demurrer to the information. From a reading of the information we find that the information charges,

"That said defendant, Andrew Dean, on the 30th day of October, A. D. 1928, in Tulsa county, Okla., did unlawfully, willfully, burglariously and feloniously, and in the nighttime, break and enter into a certain dwelling house located at 1344 North Elwood street, in the city of Tulsa, Okla., and being then and there occupied by and in the possession of S. J. Bradfield, and in which there was a human being, to wit: Mrs. S. J. Bradfield, by breaking open the outer doors and windows of said dwelling house,

with the felonious and burglarious intent then and there, upon the part of said defendant to steal therein, by then and there taking, stealing and carrying away, without the consent of the owner thereof, certain personal property of value in said dwelling house kept and contained, the property of the said S. J. Bradfield, with the unlawful and felonious intent then and there, upon the part of said defendant, to deprive the owner thereof permanently and to convert the same to his own use and benefit, contrary to the form of the statutes in such cases made and provided."

Section 2059, C. O. S. 1921, is as follows:

"Any person who breaks into and enters in the nighttime the dwelling house of another, in which there is at the time some human being, with intent to commit some crime therein, either:

"First. By forcibly bursting or breaking the wall, or an outer door, window, or shutter of a window of such house or the lock or bolts of such door, or the fastening of such window or shutter; or,

"Second. By breaking in any other manner, being armed with a dangerous weapon or being assisted or aided by one or more confederates then actually present; or,

"Third. By unlocking an outer door by means of false keys or by picking the lock thereof, or by lifting a latch or opening a window, is guilty of burglary in the first degree."

After a careful examination of the information we hold that the information states facts sufficient to charge burglary in the first degree, and that the demurrer of the defendant was properly overruled. The evidence is sufficient to sustain the judgment. Finding no errors in the record, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.