BEN WILES v. STATE.

No. A-8033. Aug. 28, 1931.
Rehearing Denied Oct. 1, 1931.
(3 Pac. [2d] 245.)

William M. Thomas and J. S. Campbell, Jr., for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Ottawa county of burglary in the second degree, and was sentenced to serve a term of two years in the state penitentiary.

At the time charged a brooder house within the curtilage of the residence of one Pasley was burglarized and some wild animal hides stolen. Defendant knew the location of the brooder house, that the hides were kept therein. On the night the same were stolen, defendant sold them to a produce dealer at the town of Peoria. This was on Saturday night. It was talked about the neighborhood that Pasley's hides had been stolen, and on the Monday following defendant went to the dealer at Peoria, recovered the hides, took them to Miami, and sold them to a fur dealer there. Defendant testified he bought the furs in question on the night they were stolen about 10 or 10:30 o'clock from a stranger on the highway, a "tall slender kind of a looking fellow," whom he had never seen before and had never seen since. This was evidently a reappearance of that mysterious stranger who, like the "Wandering Jew," at intervals and at any time of day or night, comes unheralded out of the nowhere into the where. This stranger usually travels through the country selling recently stolen property to gullible but innocent individuals. He is a persistent as well as a pernicious cuss and has given no end of trouble to the law enforcing authorities. Formerly he traveled much afoot. Later, he often rode a stolen horse which he would readily sell to some unsuspecting person who was soon caught in possession. In the instant case he was traveling by automobile with the hides in the turtleback. It has been his custom after a single transaction to vanish into thin air, to reappear six months or a year later under similar

circumstances in some far removed community with other stolen property for sale. Notwithstanding this very reasonable explanation of his possession of this stolen property by defendant, the jury found him guilty. We can account for this verdict in no way other than that they did not believe this stranger was a creature in the flesh, but, on the contrary, believed him a figment of the fertile imagination of defendant. Since the jury is to determine the credibility of the witnesses and the weight and value of the evidence, we are constrained to the view that their conclusion is reasonable.

The first contention is that the information is insufficient in failing to allege the ownership of the building burglarized. The information is poorly drawn, but it does allege the building was within the curtilage of the dwelling of Pasley. It is barely sufficient under the requirements of section 2555, Comp. St. 1921, and the numerous decisions of this court applying this statute.

It is argued the denial of defendant's application for a continuance is error. The application was based on the absence of one Farrier, who, it is alleged, was with defendant at the time of the burglary and if present would testify to a complete alibi, in substance that he was present when defendant bought the hides; that although the witness resides in the county, he cannot be found and defendant believes he has run away. The case was set and the trial had May 24. Defendant did not issue a subpoena for the witness Farrier until May 23. The granting or refusing of a continuance is in the sound discretion of the trial court. It should not be granted unless diligence to procure the witness has been exercised. It is not diligence for an accused to wait until just before the trial to pro-

cure process for his witnesses. Musgraves v. State, 3 Okla. Cr. 421, 106 Pac. 544.

Complaint is next made that the court erred in refusing defendant's offer to prove the hides stolen were those of wild animals illegally caught during the closed season and away from the premises of the prosecuting witness. That is, that they were contraband under sections 3 and 7, chap. 35, Session Laws 1927. Even if it be admitted that furs taken unlawfully are contraband and the prosecuting witness had no right of property therein, the decisions are practically uniform that nevertheless property designated as contraband, possessing the inherent character of personal property, retains its character as property and may be the subject-matter of robbery or larceny, the same as any other property; that the extinguishing of property rights in contraband things applies between the state and the possessor and not to third persons, and that crime against such property cannot be justified on such ground. Arner et al. v. State, 19 Okla. Cr. 23, 197 Pac. 710; Lout v. State, 34 Okla. Cr. 73, 244 Pac. 818.

Upon a consideration of the entire record, no material error is made to appear.

The case is affirmed.

CHAPPELL, J., concurs. DAVENPORT, P. J., absent, not participating.