## M. P. VAUGHN v. STATE.

No. A-8392. Sept. 9, 1932.
(14 Pac. [2d] 239.)

Babb & Bennett, T. B. Lunsford, and Windham & Windham, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Le-

Flore county of manslaughter in the second degree and his punishment fixed at imprisonment for a term of two years in the state penitentiary.

At the time charged defendant was a deputy sheriff. With another deputy and a constable he was on an official mission and served several search warrants for intoxicating liquor. While driving in an automobile along a by-road, defendant and his fellow officers came upon some young men sitting in a circle on the ground, apparently engaged in some kind of a game. Defendant testified he saw dice thrown. The other officers testified they did not see any dice or game played and did not know what the parties were doing. George McBride, one of the young men in the circle, got up from the ground and started off first in a fast walk and then in a run. Defendant pursued him through the woods and over a barb-wire fence about seventy-five yards from where the parties were first seen. Here they went out of sight of the others, and defendant was heard to hollow, "Stop, Stop," a couple of times, shortly followed by two shots, which some of the witnesses testified were in quick succession. Defendant admitted firing the shot that killed deceased, but testified he fired the first shot in the air, then ran a little distance and fired the other shot accidentally while falling and without any intention of injuring McBride, and that he was attempting to arrest him for engaging in a gambling game.

A peace officer has a right to arrest without a warrant for an offense committed or attempted in his presence. Section 2780, St. 1931. Gambling is a misdemeanor and when committed in the presence of an officer it is the duty of the officer to arrest the offender. Sections 2191 and 2200, St. 1931. It has been many times said by this court that where an officer seeks to arrest a person for a misdemeanor and such person flees the officer

has no right to resort to the extreme measure of shooting him although he cannot otherwise be apprehended. If the officer does shoot and kill one who flees from him for a misdemeanor, he is at least guilty of manslaughter. Roberson v. U. S., 4 Okla. Cr. 336, 111 Pac. 984; Sharp v. U. S., 6 Okla. Cr. 350, 118 Pac. 675; Pamplin v. State, 21 Okla. Cr. 136, 205 Pac. 521; Coffey v. State, 38 Okla. Cr. 91, 258 Pac. 923; Nowlin v. State, 52 Okla. Cr. 164, 3 Pac. (2) 916; Graham v. State, 31 Okla. Cr. 125, 237 Pac. 462.

Many cases of this kind have been before this court, and almost invariably the defense is that the shooting was accidental. We are not surprised that the jury did not believe this. Homicides of this kind have been all too prevalent. The principal complaint is that the court did not in express words instruct that it was the duty of the officer to arrest for an offense committed in his presence, but merely tells them that gambling is a misdemeanor, but that an officer had no right to shoot at a person fleeing from arrest for a misdemeanor. If he does and he fatally wounds the person fleeing, he would be guilty of manslaughter. The court instructed the jury in substance that if they believed the shooting was accidental or if they had a reasonable doubt thereof that they should return a verdict of not guilty. The right of an officer to arrest for an offense committed in his presence was not controverted. This right and duty of an officer is so well known by all that there should be no misapprehension on that subject. The instructions would have been better if more definite, but the error is harmless.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.