# MARTIN ARMOUR v. STATE.

No. A-9773.   April 23, 1941.
(112 P. 2d 1116.)

Ward, Justus & Ward, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen and Sam H. Lattimore, Asst. Attys. Gen., for defendant in error.

JONES, J. The defendant, Martin Armour, was charged jointly with Raymond Pilgrim and Edgar Armour by indictment on April 17, 1939, in Tulsa county, with the crime of robbery in the second degree. Defendant was granted a severance, was tried in the district court of Tulsa county, convicted, and sentenced to serve a term of two years in the State Reformatory at Granite, from which judgment and sentence he appeals to this court.

The defendant contends that:

(1) The trial court erred in overruling his demurrer to the indictment.

(2) The trial court erred in refusing to instruct the jury to acquit the defendant.

(3) The verdict and judgment are contrary to the evidence and the law.

Section 1931, O. S. 1931, 21 Okla. St. Ann. § 1435, states:

"Every person who breaks and enters in the day time or in the night time, either:

"1. Any building within the curtilage of a dwelling house, but not forming a part thereof; or,

"2. Any building or any part of any building * * * in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

The indictment is as follows:

"* * * in said Tulsa County, and State of Oklahoma, on the 22nd day of March, in the year of our Lord, One Thousand Nine Hundred and Thirty-Nine, and prior to the finding of this indictment, Raymond Pilgrim, Edgar Armour and Martin Armour and each of them, did then and there unlawfully, willfully, burglariously and feloniously, in the nighttime, break and enter into a certain building located at 801 East 1st Place, in the City of Tulsa, Oklahoma, and being then and there occupied by and in the possession of Nichols Wire Sheet and Hardware Company, a corporation, by breaking open the outer doors and windows of said building, with the felonious and burglarious intent then and there upon the part of said defendants and each of them, to steal therein, by then and there taking, stealing and carting away, without the consent of the owner thereof, certain personal property of value in said building kept and contained, the property of the said Nichols Wire Sheet and Hardware Company, a corporation, with the unlawful and felonious intent then and there upon the part of said defendants, and each of them, to deprive the owner thereof permanently and to convert the same to their own use and benefit. * * *""

As to the defendant's contention that this indictment is subject to demurrer, he cites the case of Simpson v. State, 5 Okla. Cr. 57, 113 P. 549, in which it is stated:

"(a) An indictment for burglary, whether at common law or under statute, must allege every fact and circumstance necessary to constitute the offense, including time, place, ownership, and description of the premises."

An examination of the indictment reveals that it sets out the breaking and entering of a specified building. It charges an intent to steal personal property of value, deprive the owner thereof, and to convert said property to the use of defendants. It states the time of the offense as March 22, 1939, in the nighttime; the place as Tulsa, Oklahoma; the ownership of the building, as occupied by

and in the possession of said hardware company (Simpson v. State, supra) ; and describes the premises as a building at 801 East 1st Place in which personal property belonging to said hardware company was kept and contained.

In Jackson v. State, 31 Okla. Cr. 30, 237 P. 129, 130, a case of burglary in the second degree, this court held:

"An information which, construed under the ordinary rules of construction, states all the essential elements of the crime charged sufficiently to enable a person of common understanding to know what is meant, and with sufficient particularity to enable a defendant to prepare for his trial, and to plead the judgment in bar, if again informed against for the same offense, is sufficient."

In his brief, defendant cites at length passages from Corpus Juris and Corpus Juris Secundum relating to buildings "not adjoining to or occupied with a dwelling-house" and "other buildings." Our statute (sec. 1931, supra) states positively "any building within the curtilage of a dwelling house, but not forming a part thereof; or" "any building," etc.

This court has never held that it was necessary under section 1931, supra, to aver that the building was not adjoined to a dwelling house, but in charging an offense under either of sections 1927, O. S. 1931, 21 Okla. St. Ann. 1431, or 1928, O. S. 1931, 21 Okla. St. Ann. 1432, the statutes dealing with burglary of the dwelling, it is necessary to allege that the building is a dwelling house. And quoting from 12 C. J. S., Burglary, § 35 (d), page 695:

"Where the burglary statute punishes the crime irrespective of the location of the building, it is not necessary to allege that it was one not adjoining to, or occupied as, a dwelling house."

In 9 C. J., Burglary § 71 (6), page 1040, it is stated:

"Under a statute punishing the breaking and entering of any 'building' or any 'house,' it has generally been held

that the indictment, if it describes the premises by a term which does not necessarily imply a building or a house, must go further and allege that they were a building or a house. But this is not necessary where the term used necessarily implies that the premises were a building or a house."

We are of the opinion that defendant's demurrer to the sufficiency of the information was properly overruled, since this information contains all of the essential allegations necessary to constitute the crime of second-degree burglary to make it good upon its face, sufficiently informs the defendant of the charge upon which he would have to defend, and bars any future action for the same offense. See Dean v. State, 48 Okla. Cr. 117, 289 P. 793; Wiles v. State, 52 Okla. Cr. 162, 3 P. 2d 245; Hames v. State, 54 Okla. Cr. 341, 20 P. 2d 915.

The undisputed evidence is that Edgar Armour, brother and codefendant of Martin Armour, the defendant in this case, worked as a truck driver for the Nichols Wire Sheet & Hardware Company, and that the two brothers were, staying in the same room.

The evidence offered by the state was to the effect that on March 22, 1939, Lester Little, who had charge of the company's money, hid $86 for safekeeping in a pile of composition roofing in the building. A marked $2 bill, which had been in the company's possession for a period of time, made up a part of the $86. The building was locked on the inside. On the morning of the 23d, when Carl Poss, the manager, came to work, he found that the lock on the front door, which could not be locked from the outside without a key, was unfastened. The money was missing.

Sometime in the early morning of March 24th, the defendant was arrested by the city police for drunkenness.

Officers searched his room and found, hidden in a flower pot, two $5 bills and the marked $2 bill. Defendant claimed the money. About 6 o'clock the same morning, he told Officers Smith and Kerns that on the evening of the burglary he, Edgar Armour, and Raymond Pilgrim were all on the truck and came into the hardware building at the same time. Defendant stayed in the warehouse when it was closed. Edgar and Pilgrim left and returned between 7:30 and 8 o'clock; defendant had unlocked a door; the other two came in, and they searched until they found the money. They took $30, which were divided evenly.

After that they went to the room occupied by defendant and Edgar Armour. Edgar and Pilgrim went back to the hardware company, came back with more money, and gave defendant $12 more.

Later, on the morning of the 24th, defendant made a statement, which was taken by a stenographer, before Officers Miller and Terrill. After having made the statement, defendant refused to sign it. The statement in substance is the same as the testimony of the officers as to the conversations with defendant.

This statement amounts to a confession on the part of the defendant of a conspiracy between him and his two codefendants to burglarize the building in question in accordance with a plan which was carried out by leaving the defendant on the inside of the building, hidden so that the other workers would not know he was there when the building was closed. That after all of the people employed at the building were gone, the defendant unlocked a side door for the purpose of letting his two codefendants enter when they returned after dark. They did return, enter the building, and find the money, as related in the paragraph hereinabove set forth.

All of the officers were of the opinion that defendant was sober at the time he made his statements.

Defendant testified that he was drunk, sick, and wanted to go back to bed when he made the statements. He did not deny making the statements, but said that he did not remember what he had told the officers. He denied knowing anything about or having anything to do with the burglary. He denied knowing anything about the $12 concealed in the room he was occupying.

This court has held that where evidence discloses facts from which the jury may legitimately deduce either of two conclusions, a motion to advise verdict should be denied. Plemons v. State, 53 Okla. Cr. 263, 10 P. 2d 285; Radke v. State, 17 Okla. Cr. 230, 187 P. 500.

The trial court did not err in refusing to give defendant's requested instructions to acquit.

Section 2902, O. S. 1931, 22 Okla. St. Ann. § 432, provides:

"* * * all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, * * * must be prosecuted, tried and punished as principals, and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

In Lumpkin v. State, 25 Okla. Cr. 108, 219 P. 157, 158, it is stated:

"It is a familiar principle that a breaking, necessary to constitute the crime of burglary, may be by any act of physical force, however slight, by which obstruction to entering is forcibly removed, and the opening of a closed door in order to enter a building may constitute a breaking. * * *"

In Raymer v. State, 41 Okla. Cr. 263, 272 P. 488, this court held:

"While the breaking and entry may be shown by circumstantial evidence, there must be some proof, either direct or circumstantial, that the building was in fact broken into within the meaning of the statute defining burglary." Citing 9 C. J., page 1076, § 133; 4 R. C. L., p. 416, §§ 3 and 4.

In 4 R. C. L., p. 417, § 3, it is stated:

"* * * In order to constitute an actual breaking within the sense of the term as used in the law of burglary, the action of the accused must have been such as would, without additional effort, have made an entry possible."

In the case at bar, there was a plan to burglarize which contemplated action by all three conspirators. The defendant, Martin Armour, entered the building, hid until it was locked, unfastened the lock on a door from the inside, and allowed his codefendants to enter, after which the money was stolen.

It is not necessary for this court to decide whether or not the entering of an open building during business hours with intent to commit a felony, and hiding in such building until it is locked for the night, is a breaking and entering under section 1931, supra; or, if such entry is breaking and entering, it would support a charge of "breaking open the outer doors and windows." Nor is it necessary to determine whether the defendant's entering an open building during business hours, accompanied by a servant of the business, with the intent to steal, being concealed until the building is locked for the night, unlocking a door and holding it open for the servant to pass into the building, is a breaking and entering under our statute.

Where defendant has unlocked a door, which remains closed, the opening of the door and entering by his cocon-

52

spirators, under the circumstances presented in this case, is sufficient to sustain the charge against the defendant of "breaking open the outer doors and windows," under the above statutes and holdings of this court.

There is ample evidence in this case from which the jury could have found the defendant guilty of burglary in the second degree. Money was stolen from a locked building; part of the money was found in the room occupied by the defendant; defendant made two extrajudicial confessions before numerous witnesses.

In Hart v. State, 57 Okla. Cr. 372, 48 P. 2d 337, it was held:

"Evidence of possession of the stolen property by defendant soon after the burglary was committed, when supplemented with other facts inconsistent with the idea that the possession was honest, is sufficient to sustain a conviction for burglary."

Finding no errors of sufficient importance to require reversal, the judgment of the district court of Tulsa county is hereby affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.