## DUNN v. STATE.

No. A-11327. April 4, 1951.

(229 P. 2d 905.)

Champion, Champion & Wallace, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen,. and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error W. J. Happy Dunn, defendant below, was charged in the district court of Carter county, Oklahoma, with the crime of burglary in the second degree. A jury being waived, he was tried and convicted by the court which fixed his punishment at 3½ years in the penitentiary. In the information it was alleged, in substance, that the crime was committed on May 22, 1948, by breaking and entering in the nighttime the Taylor Drug Store in the city of Healdton, Oklahoma, and stealing the sum of $595 in cash, in violation of Title 21, § 1435, O. S. A. 1941.

The undisputed evidence on behalf of the state discloses that R. C. Taylor, owner and operator of the said store, testified that he closed the store on the date in question about 10 p. m. Before closing, however, he counted his money totaling $595 in cash, put it in his safe and locked the safe, locked the doors and checked them.

The further undisputed evidence shows that on the night in question M. T. Hall, nightwatchman for the city of Healdton, passed the front of the store about 2 a.m., and saw the defendant inside the Taylor Drug Store, hammering on the safe with a sledge hammer. Mr. Hall went and called the chief of police, Bill Ratliff, who responded to the call. Mr. Hall saw the defendant hammering on the safe with a sledge hammer. Mr. Ratliff went to the back door and found it standing open. He, too, could hear the defendant beating on the safe knob. He fired a pistol shot to command attention, and ordered the defendant to come out with his hands up, which he did. He then took the defendant around to the front of the store where he was searched and the money taken from the safe retrieved from the defendant's person. Examination of the back door disclosed

the defendant had gained admission by driving a wedge between the door and the door jamb, so as to spring the Yale lock thereon. There was other corroborating evidence offered by the state.

The defendant offered no evidence in his own behalf but demurred to the state's evidence. The defendant's only contentions are, error of the trial court in overruling his demurrer and insufficiency of the evidence to sustain the conviction.

Examination of the record discloses a breaking and entering and the theft from the safe, and the defendant's apprehension of the act of committing the crime. Particular emphasis is made by the defendant of the insufficiency of the evidence to show breaking and entering. This contention is wholly without merit. The court has repeatedly held that proof of "any act of physical force, however slight, by which obstruction to entering is forcibly removed", is sufficient. The law is equally well settled by the decisions of this court that the breaking and entering of a building burglarized may be shown either by direct or circumstantial evidence. See Yeargin v. State, 54 Okla. Cr. 34, 14 P.. 2d 431; Gransbury v. State, 64 Okla. Cr. 408, 81 P. 2d 874; Armour v. States, 72 Okla. Cr. 44, 112 P. 2d 1116; Yeager v. State, 82 Okla. Cr. 326, 169 P. 2d 579. In Armour v. State, supra, it was held that to enter a building by opening a closed door is sufficient to constitute a breaking within the meaning of the statute, 21 O. S. 1941 § 1435. The evidence herein of breaking and entering was as follows, to wit:

"Q. After you searched him, did you investigate the Taylor Drug Store there? A. I did. Q. What did you find? A. Found two safes with their knobs knocked off and close to the safes the papers were laying over the floor, there was a sledge hammer lying there, there was one tall safe and one back safe, it had a pretty good knob on it. Q. Did you see any marks? A. Nothing only where he hit that knob and knocked it off, that was about the only mark there was. Q. Did you investigate the rest of the place? A. On the back door. Q. What did you find? A. Where the lock was there, something had been drove right in at the side. Q. By the Court: Just give a mental picture of what you saw. A. I seen where the back door, there was something had been drove in there and the lock pushed off. Q. (By Mr. Ritter): State what you saw on the door. A. Saw these marks. Q. What position were these marks in on the door? A. Well, this door, whatever it was, had been drove in there. * * * * * * Q. Where were these marks? A. Right where the lock was. Q. Was the door open or closed when you saw it? A. The door was open about that far, something like a foot when I walked up there. Q. Did you find anything else in the drug store? A. A sledge hammer that was lying down by the safe." ·

In this the chief of police was corroborated by M. T. Hall, city night watchman. The evidence of breaking and entering was thus clearly established, and the evidence to sustain the conviction entirely sufficient. This appeal is therefore without merit, and the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.