**Lawrence Asbury CUNNINGHAM, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14441.**

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1969.

James S. Steph, Okmulgee, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Austin O. Webb, Dist. Atty., for defendant in error.

MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in Error, Lawrence Asbury Cunningham, hereafter referred to as defendant, was tried by a jury in the Superior Court of Okmulgee County Oklahoma for

the crime of Second Degree Burglary, after Former Conviction of Felonies, and was sentenced to serve thirty-five years in the state penitentiary. Judgment and sentence was imposed on May 22, 1967, from which this appeal was perfected, and oral argument was had before the Court.

Defendant offers two propositions in his brief, which state: (1). Error was committed by the district attorney in offering into evidence a file which could not have been used in the breaking and entering, and which intended to mislead the jury. (2). Improper closing argument by the district attorney created passion and prejudice in the minds of the jury resulting in the finding of the defendant guilty, and an excessive sentence.

At the conclusion of the State's case, the defendant offered no defense and did not take the witness stand in his own behalf. To prove its case against the defendant, the State offered the testimony of eight witnesses, which included the five officers involved in the arrest and investigation of the burglary, the owner of the building, and the manager of the Herman's Auto Store in Okmulgee, Oklahoma, and the man who heard the breaking of the glass in the store door and called the police.

The facts simply stated reveal, that this defendant, with another man was apprehended by the police about 9:30 P.M. inside the auto store. Mr. John Harjo heard the breaking of glass and saw two men attempting to enter the store across the street from the apartment where he lived, and called the police. When the police arrived at the store, they found the two men inside the store. A pad lock had been broken, glass was on the sidewalk and inside the store, and a piece of a file was found some six or eight feet inside the door of the store. There was some question raised concerning whether or not the file might have been used to gain entry into the store. The store manager testified that he thought the file was one belonging to the store. At the conclusion of the State's evidence, the jury returned a verdict of guilty; and in the

second stage of the proceedings assessed defendant's punishment at confinement for thirty-five years in the state penitentiary.

We fail to see the significance defense counsel placed on the importance of the broken file. He contends that it was made to appear that the file was the instrument which was used to break the pad lock on the door. However the point concerning the broken file was not pressed as being significant by anyone other than the defense counsel. The record reflects that the file was found on the floor some six or eight feet inside the store door. We observe also, that the district attorney stated in his closing argument that he did not pretend to know whether or not the file was used to gain entry into the store. The most incriminating testimony concerned that offered by the policemen, when they testified to finding the defendant and another man inside the auto store. Nonetheless, the introduction of the file is not sufficient cause to reverse this conviction. The evidence and testimony was sufficient to show that the store was broken into, and the defendant was one of the two found inside the store.

This Court provided in Dunn v. State, 94 Okl.Cr. 71, 229 P.2d 905 (1951):

"While the breaking and entry may be shown by circumstantial evidence, there must be some proof either direct or circumstantial, that the building was in fact broken into with the meaning of the statute * * *." See also: Yeargin v. State, 54 Okl.Cr. 34, 14 P.2d 431 (1932).

Concerning defendant's second proposition, we have reviewed the closing argument of the district attorney and do not find it to be prejudicial, as asserted by defendant. This Court stated in Young v. State, Okl.Cr., 357 P.2d 562 (1960):

"Right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide; and counsel for both State and defendant have right to discuss fully from their standpoint evidence and inferences and deductions arising from it."

See also: Hayes v. State, Okl.Cr., 397 P. 2d 524 (1964).

Therefore after having considered the record of this conviction, we are of the opinion the judgment and sentence of the Superior Court of Okmulgee County is that court's case number 4068, in which Lawrence Asbury Cunningham was sentenced to serve thirty-five years in the state penitentiary should be, and the same is affirmed.

Judgment and sentence affirmed.