Nolen E. JONES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–556.

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1976.

Arthur B. Stevener, Jr., El. Reno, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

The Appellant, Nolen E. Jones, hereinafter referred to as defendant, was charged, tried before a jury in a bifurcated proceeding and convicted in the District Court of Canadian County, Case No. CRF–75–156, of the crime of Second Degree Burglary After Former Conviction of a Felony. Punishment was assessed at a term of twelve (12) years in the custody and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in accordance with the verdict, the defendant has perfected his timely appeal.

Briefly stated, the evidence adduced at trial is as follows: William B. Perry testified that he was co-owner of Nip and Van Used Cars in Yukon and that on July 8, 1975, he personally closed the business office and locked the door. From 85 to 90 keys to used cars were in the building when he left. At approximately 4:00 o'clock on the morning of July 9, 1975, he was called to the car lot where police had the defendant in custody. Four or five sets of keys were lying on the ground outside and the door to the building was locked. He further testified that upon inspection of the building he found the keys missing and that he did not give the defendant permission to enter the building.

Johnny Darnell then testified that on July 9, 1975, he was employed as a patrolman for the Yukon Police Department and while on routine patrol he discovered the defendant kneeling beside a car and near a pile of keys in the car lot. The defendant was arrested and subsequently transported to jail. Officer James McDaniel then testified that when he arrived at the car lot he saw 3 or 4 sets of keys on the ground beside a car and found 60 or 70 more sets

near the car lot fence. He further stated that the defendant had a business card in his possession when arrested and that he found no evidence of a forcible entry of the building.

Officer Lester Shults testified that the defendant had no identification on his person when arrested and a search found only a wallet containing one business card which had been folded, thereby giving the card more strength. Shults described the door lock as a regular type and not a dead bolt. He further stated that the lock could have been easily opened without pry marks by inserting a flat piece of material between the door and the facing. There was no evidence of a forcible entry.

Officer Elmer Loyall then testified that on July 10, 1975, after advising the defendant of his Miranda rights, the defendant told him that on the night in question he went to the door and "tried it", that it came open, and that he went in and took the keys thinking that a patrol car which had just passed would not return for a while.

It was then stipulated that if N. D. Van Horn were to testify he would state that he was co-owner of the used car business and that he had given no one permission to enter the office building on the night in question. The State then rested and the defense presented no testimony. During the second stage of the proceeding the State introduced two judgments and sentences and the defendant admitted and stipulated to their correctness.

The defendant's sole assignment of error contends that the evidence presented by the State was wholly insufficient to sustain the conviction of burglary in the second degree for the reason that the State failed to prove the necessary element of a "breaking". We disagree.

In *Yeager v. State*, 82 Okl.Cr. 326, 169 P.2d 579, we held that although breaking and entering may be shown by circumstantial evidence in a burglary prosecution there must be some proof, either direct or

circumstantial, that the building was in fact broken into. The opening of a closed door in order to enter a building may constitute a breaking. *Garruba v. State*, Okl. Cr., 473 P.2d 317; *Byington v. State*, Okl. Cr., 363 P.2d 301; and *Armour v. State*, 72 Okl.Cr. 44, 112 P.2d 1116.

In the instant case the defendant after being advised of his Miranda rights voluntarily admitted that he tried the door, it opened and he went in and removed the keys. The keys left in the building by Perry were found outside the building near the defendant. The defendant had no permission to enter the building. The evidence is sufficient to justify the verdict.

For the reasons set out above, it is our opinion that the defendant received a fair and impartial trial before a jury, no material right of the defendant was prejudiced and the judgment and sentence appealed from should be, and the same is hereby AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.