### SAM LUMPKIN v. STATE.

No. A-4674.    Opinion Filed Oct. 20, 1923.
(219 Pac. 157.)

(Syllabus.)

1. **Indictment and Information—Charging Felony in Language of Statute Insufficient.** An information for a felony, although in the language of the statute, is not sufficient, unless it states all facts necessary to constitute the offense with sufficient certainty.

2. **Evidence—Sufficiency—Corpus Delicti, and Connection of Accused.** To warrant or sustain a conviction, there must be evidence sufficient to prove that the offense charged was committed, and also to inculpate the defendant in its commission.

3. **Burglary—Insufficiency of Evidence.** In a prosecution for burglary, evidence examined, and held insufficient to sustain conviction.

Appeal from District Court, Creek County; Fred A. Speakman, Judge.

Sam Lumpkin was convicted of burglary in the second degree, and he appeals. Reversed and remanded, with directions.

Gaylord R. Wilcox and James A. Watson, for plaintiff in error.

George F. Short, Atty. Gen., and John Barry and N. W. Gore, Asst. Attys. Gen., for the State.

DOYLE, J. This is an appeal from a judgment of the district court of Creek county, rendered on the verdict of a jury finding the defendant guilty of burglary in the second degree and fixing his punishment at imprisonment in the penitentiary for the term of two years.

The Attorney General has filed a confession of error, conceding that the court erred in overruling defendant's demurrer to the information as follows:

"The information in this case fails to allege that the dwelling house broken into was owned by any one. From the information it might have been the defendant's home that he had broken into. It further fails to state sufficient allegations to constitute a correct charge of the larceny of the property that he is charged with having broken in to steal. We believe these elements should be specifically alleged in the information charging burglary, and that the failure of the information to specify 'the dwelling house of another' renders said information defective, for which reason the Attorney General confesses error and in support thereof refers to the case of Simpson v. State, 5 Okla. Cr. 57, 113 Pac. 549, in which this court held: 'An indictment for burglary, whether at common law or under statute, must allege every fact and circumstance necessary to constitute the offense, including time, place, ownership, and description of the premises.' And see Parker v. State, 13 Okla. Cr. 460, 165 Pac. 622."

For the reasons stated we think the confession of error is well founded; therefore the court erred in overruling the defendant's demurrer to the information.

The only evidence offered by the state to establish an unlawful breaking or entering is the testimony of Hulda Vaughn. She states that until about two years ago she and the defendant were husband and wife, and about that time she secured a divorce from him; that she married Ben Vaughn, her present husband, and lived in the city of Sapul-

pa; that on the date alleged, about 1 o'clock in the afternoon, the defendant came to the house to call on her; that she saw him coming, and locked the doors of the house; that he came on the front porch, knocked on the door, and asked to be admitted; then he went to the back door, and cut the screen with his knife, but did not gain admittance; that she went out the front door, and an errand boy came with a Christmas present for her, the defendant came around to the front, brushed by her while she was talking to the boy, and went into the house; that she went in the house, and while the defendant was there a neighbor, Mrs. Scott Wallace, came in and saw and observed what happened; that the defendant stayed in the house about 30 minutes, and took her husband's stickpins and his gun.

As a witness in his own behalf the defendant testified that his former wife, Mrs. Vaughn, called him over the telephone, and he told her that he would be down there to get a shirt that belonged to him; that she had formerly done some washing for him; that he went down to the house, and knocked on the front door, and no one answered; then he went around to the back door, and rapped, and no one answered; then started back to town, and saw Mrs. Vaughn sitting on the front steps, talking to two little boys with bicycles; that he remarked to her that she had been getting some mail; she said, "No; just a Christmas present;" that he stepped up on the porch, and she said, "Well, come on in the house;" and he stepped in behind her and said, "Get me that shirt of mine;" and she said, "I won't get a damn thing," and Mrs. Wallace came in; she and Mrs. Wallace talked a while, then went back into another room; that he was sitting on the davenport, and Mrs. Vaughn came back with his shirt, rolled it up in a paper, and he took it and went to town; that when he was at the house a short time

before his former wife gave him two stickpins as a Christmas present, and about a month before that she gave him the old pistol.

When the state rested, the defendant asked the court to instruct the jury to return a verdict of acquittal, which the court refused to do. This is assigned as error. After a careful examination of the testimony, we do not believe that it is sufficient to warrant the verdict of the jury. Before a jury is authorized to find the defendant guilty in any criminal case, there must be evidence sufficient to prove that the offense was committed, and to identify the defendant with the commission of it, as charged in the information.

It is a familiar principle that a breaking, necessary to constitute the crime of burglary, may be by any act of physical force, however slight, by which obstruction to entering is forcibly removed, and the opening of a closed door in order to enter a building may constitute a breaking; however, the evidence in this case wholly fails to show any such unlawful breaking or entering. If the evidence introduced by the state fails to incriminate the defendant, or is insufficient to show that he is guilty of the offense charged, it is not only the right, but the duty of the trial court to advise the jury to return a verdict of acquittal.

In this case we are satisfied that the crime charged has not been established by that degree of proof required by law. For the reasons stated, the judgment of the district court of Creek county is reversed, and the cause remanded, with direction to dismiss.

It appears from the record that the judgment appealed from was rendered on the 17th day of March, 1923, and the defendant, having failed to give a supersedeas bond, was committed to the penitentiary, for which reason the cause

was advanced under the rule.

The warden of the penitentiary will surrender the defendant, Sam Lumpkin, to the custody of the sheriff of Creek county, who will keep him in his custody until discharged therefrom by due course of law.

MATSON, P. J., and BESSEY, J., concur.