## A. D. MORROW v. STATE.

No. A-4306.   Opinion Filed Jan. 21, 1924.

(221 Pac. 1047.)

(Syllabus.)

1. **Burglary—Possession of Goods from Place Burglarized as Circumstance Showing Guilt.** Where an accused person is found in possession of property taken from a place recently burglarized, that fact may be considered by the jury along with all the other circumstances, as tending to show that the one in possession committed the burglary.

2. **Same—Jury as Judges of Explanation of Accused.** The explanation of such possession by the accused may be, and often is, more or less reasonable, but the jury are the judges of the weight to be given such explanation, giving it such credence as the facts may warrant, in the same manner as all other parts of the testimony are considered.

Appeal from District Court, Custer County; Thomas A. Edwards, Judge.

A. D. Morrow was convicted of burglary in the second degree, and he appeals. Affirmed.

A. J. Welch, for plaintiff in error.

The Attorney General and John Barry, Asst. Atty. Gen., for the State.

BESSEY, J. This case illustrates the perils of man's living alone, beyond the tender care and refining influences of women. The defendant and his brother were living on a farm, where they worked in the fields, prepared their own meals, and did such other things about the house as they were able to do. A neighbor, Pickens by name, a widower, kept bachelor's hall alone on a farm near by. Pickens went away on a visit, and before leaving securely locked his belongings in his house. While he was away the house was burglarized and robbed of some canned peaches and a bucket of lard. Under authority of a search warrant the house occupied by the defendant and his brother was searched, and the containers in which these articles of food had been were found and identified.

The defendant and his brother say that they had been furnished with canned fruit and other provisions by their father, in glass jars and in tin buckets similar to those claimed by Pickens, and urged that the lard bucket was a common kind of bucket that could not be certainly identified, and that the fruit jars said to have contained the peaches were likewise not susceptible of identification. Pickens, however, showed that his glass jars were marked with private marks which were still upon them when found, and that the lard bucket had certain solder marks upon it where he had previously repaired it.

Where an accused person is found in possession of property taken from a place recently burglarized, that fact may

be considered by the jury along with all the other circumstances as tending to show that the one in possession committed the burglary. The explanation of such possession by the accused may be, and often is, more or less reasonable, but the jury are the judges of the weight to be given such explanation, giving it such credence as the facts may warrant, in the same manner as all other parts of the testimony are considered.

We have carefully examined the record, and have discovered no material errors committed at the trial. The instructions of the court covered the issues of law involved, and were fair to the defendant. The sufficiency of the evidence, under the circumstances, as related, was purely a matter for the jury.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.