## MELVIN YEARGIN v. STATE.

No. A-8380.  Sept 2, 1932.
(14 Pac. [2d] 431.)

Tom W. Cheatwood, for plaintiff in error.

J. Berry King, Atty. Gen., and Gus Rinehart, for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of the crime of burglary in the second degree, and his punishment fixed by the court at imprisonment for two years in the state reformatory at Granite.

Defendant contends that the evidence is insufficient to support the verdict and judgment.

The state was compelled to rely upon circumstantial evidence. Some one entered the Melrose Apartment House in Oklahoma City, and by opening a small closet door took therefrom a vacuum sweeper; defendant was seen and arrested in the alley at the rear of this building, with the sweeper, and, when he saw the officers, he attempted to escape; on being arrested, he made no explanation of how he came into possession of the sweeper.

A taxicab driver testified that he picked up defendant, Jim Hodges, and another boy, and, after driving them about town for a considerable time, took them in his cab and stopped near the Melrose Apartments; that defendant and the other boys went up the alley in the rear of the apartment; that he saw the officers in the scout car, and that, as they came up, defendant and one of the other boys were standing by the taxicab; that he did not see the sweeper until after the officers had arrested the boys.

The officers testified that, as they turned into the alley back of the apartment and threw their light on the boys, they ran—defendant and one of the boys towards the taxicab—that defendant had the sweeper, and that, as they came up to them at the taxicab, he was putting the sweeper into the cab.

The man in charge of the apartment house testified that the sweeper was kept in a closet in one of the rooms on the first floor, and that the door was kept closed; that there were screens on the outside doors which would have to be opened to enter the apartment.

Defendant made no explanation of his possession of the sweeper to the officers, did not take the witness stand in his trial, and offered no evidence.

Defendant's first contention is that this evidence is insufficient to support the verdict of the jury. This court

has held that the possession of stolen property may be considered by the jury as a circumstance in determining the guilt or innocence of the defendant in a burglary case. Morrow v. State, 26 Okla. Cr. 67, 221 Pac. 1047; Trimmer v. State, 32 Okla. Cr. 161, 240 Pac. 129.

Defendant was seen and arrested in the alley in the rear of this building with the sweeper, and attempted to escape when he saw the officers. His possession of recently stolen property, at midnight, in the alley at the rear of the building from which the sweeper was taken, called for some reasonable explanation, but he made none.

Defendant further contends that, since there is no evidence of actual breaking, the evidence is for that reason not sufficient. Breaking and entering, to constitute the crime of burglary, may consist in the opening of a closed door. Lumpkin v. State, 25 Okla. Cr. 108, 219 Pac. 157. On this record, no reasonable jury could do anything but find the defendant guilty as charged.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.