MYRON BYNUM v. STATE.

No. A-9086.   Jan. 27, 1937.
(64 Pac. [2d] 933.)

Mathers & Mathers and J. H. Gernert, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to in this opinion as the defendant, was by information charged with burglary, was tried, convicted, and sentenced to serve a term in the state penitentiary for five years.

The evidence of the state is substantially as follows: V. E. Liles, his wife, his wife's sister and two children left his home in the city of Tulsa approximately at 6:30 in the evening; when they left home, the screens and the windows and doors were closed. "When we returned

home about 9 or 9:30 I found a back screen was pulled loose and a window was up. On examination I discovered two of my suits of clothing were gone. My sister-in-law's jewelry, consisting of a wrist watch, a dinner ring, and necklace, had been taken."

Jess Alexander, testifying for the state, stated on the 20th of February, 1933:

"I was a police officer operating a scout car; I received a call at 9:45 p. m., and reported to 2725 East Fourth place; this place was about four blocks from 2636 East Sixth street, V. E. Liles' home. When Mr. Pollock and I drove up to the house at 2725 East Fourth place, Mr. Pollock got out of the car and chased a man who was running toward the back of the house; I saw a man coming out of the window, arresting him, searched him for firearms and took him to the police station, where upon a thorough search we found the jewelry belonging to the sister of Mrs. Liles on his person.

"About an hour after reaching the police station we received another call, and I reported back to the vicinity where we had arrested the defendant and found a Buick car, in which car we found the two suits of clothing that had been taken from Mr. Liles' home. The defendant stated the Buick car was his. Later the car was turned over to the wife of the defendant."

Mr. Lee Pollock, who was with the witness Alexander, corroborated the statements of Mr. Alexander. The defendant did not offer any evidence.

Several errors have been assigned by the defendant as a reason why his case should be reversed. In his brief the defendant argues that the evidence is insufficient to sustain the judgment. He also complains that the court erred in refusing to give his requested instructions 2 and 5, but cites no authorities in support of his contention.

An examination of the instructions of the court discloses that the instructions given covered the law applicable to the facts in the case. This court has repeatedly held that, where the instructions of the court cover the law applicable to the facts, it is not error for the court to refuse to give the requested instructions covering the same points.

The evidence shows that within four blocks of the Liles home the defendant was arrested by the officers coming out of another home. When searched, he had a part of the property on his person belonging to the sister-in-law of the witness Liles, and, when his car was picked up on the street, there were found in the car the two suits of clothing taken from the Liles home. In a statement to the officers the defendant stated he had loaned his car to a party but did not give the name of the party.

In Yeargin v. State, 54 Okla. Cr. 34, 14 Pac. (2d) 431, in the first paragraph of the syllabus, this court stated:

"Where an accused person is found in possession of property taken from the place recently burglarized, that fact may be considered by the jury, along with all other circumstances, as tending to show that the one in possession committed the burglary."

The record shows the home of Liles was burglarized between 6:30 and 9:30 in the evening, and within four blocks the defendant was arrested coming out of another home. The jury is the exclusive judge of the weight of the evidence, and, where there is a clear conflict in the evidence, or if it is such that different inferences and deductions can properly be drawn from it, this determination will not be interfered with, unless it is clearly against the weight of the evidence or appears to have been influenced by passion or prejudice. Choate v. State, 37

Okla. Cr. 314, 258 Pac. 360; Humberd v. State, 56 Okla. Cr. 23, 32 Pac. (2d) 954.

There is nothing in the record to show that the verdict of the jury in this case was influenced by passion or prejudice. From the evidence in the record the jury could not have reached any other conclusion than that of the defendant's guilt. The evidence is sufficient to sustain the judgment. The defendant was accorded a fair and impartial trial. The court properly advised the jury as to the law applicable to the facts.

Finding no errors in the record, the judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.