Walter Lee **GARRETT**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

No. A–12835.

Court of Criminal Appeals of Oklahoma.

March 23, 1960.

Lewis F. Oerke, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Walter Lee Garrett, hereinafter referred to as the defendant, was charged by in-formation in the District Court of Comanche County with committing burglary in the 2nd degree. He was tried before a jury, convicted and sentenced to serve two years in the state penitentiary.

The evidence shows that about 10:00 p. m. on the night of September 23, 1958, police officers of the City of Lawton were directed to the Tip-top Laundry in that city. A burglar alarm of that establishment connected with the police office had gone off. Upon arrival the officers made investigation and discovered the defendant and his girl friend inside huddled up in a corner in some clothes that were bundled up. They were taken into custody and thus the charge of 2nd degree burglary against the defendant.

The defendant appeals to this court advancing the argument that the trial court erred in overruling his motion for a new trial, contending there was no breaking or entering and no evidence of stealing or intent to steal.

The owner of the building testified he locked all the doors, turned on the burglar alarm, and left the premises about 6:30 p. m. on the date in question. That the building contained customers goods and about $35 in the cash register which was apparently not bothered.

Officer Branscum testified he arrived at the laundry about 10:00 p. m. as a result of the burglar alarm and looked in a window at the rear of the building and saw the two subjects inside and:

"* * * I told officer Wallace there was somebody in there and for him to go in front. * * * I went in through these two doors, I pushed them apart there. They are kind of rickety anyway around there in the alley and I crawled between the crack * * *."

On cross-examination:

"Q. Now, you found no evidence of breaking into the building? You had to break in yourself to get in, is that right? A. No, sir, I didn't break in.

"Q. How did you get in? A. I pushed the doors apart. I didn't break in.

"Q. They were not unlocked? A. Sir?

"Q. Were they unlocked? A. No, sir.

"Q. Then, you had to push them? What I mean is, the doors weren't open? You had to push them in to get in? A. I had to pull them apart, yes, sir.

"Q. And the front door wasn't open? A. No, sir.

"Q. So in order for you to get in the building, you had to force some doors to get in? A. I pulled the doors apart, yes, sir. They was already pretty well parted."

Under the previous rulings of this court the evidence is sufficient to constitute a breaking and entering. This court said in the case of Lumpkin v. State, 25 Okl.Cr. 108, 219 P. 157–158:

"It is a familiar principal that a breaking, necessary to constitute the crime of burglary, may be by any act of physical force, however slight, by which obstruction to entering is forcibly removed, and the opening of a closed door in order to enter a building may constitute a breaking."

Also see Armour v. State, 72 Okl.Cr. 44, 112 P.2d 1116.

■ Defendant further contends that there was no evidence that the defendant broke and entered with intent to steal. The evidence shows that the cash register had not been bothered and no property was taken. Defendant did not testify and did not offer any testimony to explain his presence in the building. The circumstances as produced by the testimony was sufficient to show an entering by force. The court has passed on this question of law in the case of Drennan v. State, 69 Okl.Cr. 348, 102 P.2d 952, wherein the court said:

"Where it is shown that defendant broke and entered a store in the night time, it may ordinarily be presumed that he did so with intent to steal though at the time he was detected he had not appropriated any property."

Had the defendant offered any testimony explaining his presence in the building upon request he would have been entitled to an instruction under 21 O.S.A. § 1438:

"Every person who, under circumstances not amounting to any burglary, enters any building or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit any felony, larceny or malicious mischief, is guilty of a misdemeanor."

There was no request for such an instruction nor were there any objections to the instruction given. Therefor, for the above and foregoing reasons the judgment and sentence of the trial court is hereby affirmed.

POWELL, P. J., and BRETT, J., concur.