Joseph Heil DEAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13256.

Court of Criminal Appeals of Oklahoma.

Feb. 6, 1963.

Rehearing Denied April 3, 1963.

Sid White, Oklahoma City, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Joseph Heil Dean, hereinafter referred to as the defendant was charged by Information in the District Court of Oklahoma County. He was tried before a jury, found guilty, and sentenced to 4 years in the Oklahoma State Penitentiary.

His appeal was lodged in this Court within the time prescribed by law, with the sole contention that the evidence is insufficient to support the jurys verdict because of certain exculpatory statement made by the defendant and introduced by the state.

The case arose out of the following circumstances:

Officer Gary Phillips and Officer David Swidler of the Oklahoma City Police Department received a call about 2:30 A. M., and as a result went to the Lincoln Terrace Drug Store. Officer Swidler was dropped off at the front door of the store, and Officer Phillips proceeded to the rear door. The screen door to the rear was open. Officer Phillips said he had checked it that night several times and the door was previously shut tight. He noticed that the locking mechanism had been broken and the inner door pried and was ajar. He heard voices inside and went to his car and called for additional help. Then he went back and pushed the back door on in. He thought he saw somebody run toward the front door. He later went on up front in the store, and saw that the front door had been busted out and his partner was holding the two suspects.

Officer Swidler testified he was standing by the front door when he saw the defendant and another suspect as they approached the front door and passed through it where they were intercepted and placed under arrest. They found on the defendant a flashlight and a pair of gloves. Outside the front door was a typewriter and a cigar box containing change and post cards, and some change on the sidewalk. Officer Swidler said the articles were not there when he arrived. Burglary tools were found in the building. Melton Sadler testified he was the owner of the store, that he was called by the police dispatcher about 3:00 A. M., proceeded to the drug store, and found glass all over the parking place in front of the front door and his typewriter along with a cigar box (which was his change box) on the sidewalk. The safe door was not locked but was open and a money box

removed. He further said he had locked the screen door and the inner door before he left that evening, and that the burglary tools had not been in the store prior to this time, when he left and locked the door to premises.

Detective Waggoner testified he talked to defendant at the police station, advised him of his constitutional rights, and defendant made a statement to him as follows:

"A.   He advised us that he and another subject had been driving around in the vicinity of the drug store when they observed a subject at the rear door of the drug store and when this subject looked up and saw them he ran, he advised us at this time he parked his car approximately a block and a half from the drug store, and then walked up to the back of the store and *opened a heavy mesh screen.*

"THE COURT: Who are you talking about, now?

"A.   The defendant. And, saw that the drug store had been burglarized and they decided to help themselves. We asked him what kind of a car they had and he told us it was a '48 Four Door Black Dodge, and we found it parked, I believe it was the 800 block of Northeast 16th, we returned it to headquarters and the subject advised us he did not wish to make a statement or that he didn't want to make any further statement."

"Q.   About how far was the car from the drug store?

"A.   Approximately a block."

With this testimony, both the state and the defense rested, and defendant moved for a directed verdict, which was overruled by the trial judge. Defendant contends that the statement of defendant was of an exculpatory nature. That the state was bound by it and the falsity never proven.

We are not of the opinion that the statement falls within the category of an exculpatory statement.

The Courts of this State have written very little on the question of exculpatory statements. However, in other jurisdictions, the rule is well established.

"Exculpatory" is defined in Webster's Dictionary as "clearing or tending to clear from alleged fault or guilt". The various jurisdictions have adhered basically to this definition. The State of Texas in the case of Moore v. State, 124 Tex.Cr.R. 97, 60 S. W.2d 453, said that " 'Exculpatory' means clearing or tending to clear from alleged fault or guilt; excusing." In the case of State v. Langdon, 46 N.M. 277, 127 P.2d 875, used the following language: "The word 'exculpate' is employed in the sense of excuse of justification." In Scotland, the law allows of an "exculpation" by which the prisoner is suffered before his trial to prove the thing to be impossible.

■ The State of Texas has dealt with the question probably more than any other jurisdiction. In the case of Otts v. State, 135 Tex.Cr.R. 28, 116 S.W.2d 1084–1085, 116 A.L.R. 1454, the court held:

"Where the defendant does not testify in the case, and where the state in developing its case in chief, introduces in connection with a confession or admission of the defendant, an exculpatory statement which if true, would entitle him to an acquittal, the jury should be told that he is entitled to a verdict of not guilty unless such exculpatory statement has been disproved or shown to be false by other evidence in the case." (Exceptions to the rule are also cited in this case.)

In Otts v. State, supra, the case arose out of the following facts:

"The offense charged is the theft of one head of cattle, and punishment fixed at confinement in the penitentiary for two years.

"This is a case of circumstantial evidence, and the court so charged the jury.

"Mr. Donnell lost a certain animal, and its hide and head were found hidden under a bridge in Stephens county. The connection of appellant with the theft of said animal was mainly predicated on the fact that the appellant and his brother, Amos Otts, stored with Mr. McElroy at his ice house, in Amos Otts' name, a hind quarter of a beef. There were some pieces of flesh cut out of this quarter and left on the hide, and, when the hide was fitted to the meat, there appeared pieces of meat that fit the depressions on the hind quarter.

"These circumstances were the only proof that served to connect the appellant with this theft, save and except his confession, if such confession does thus connect him. The confession is, in substance, that appellant and his brother were out on a certain road on the night before this meat was stored by them, and they purchased such quarter of beef from a man whose name was unknown to them, and paid him therefor the sum of $4 and took such beef to the ice house and had it stored there. This statement was introduced by the State, and, of course, if the same were true, then the appellant could not have been guilty of stealing the animal from which this hind quarter of beef was taken. The identification of this quarter of beef was very material, and, if such came from the stolen animal, and its possession in appellant remained unexplained, it would have been a strong circumstance going to show that he was the original taker of the animal. But the State comes in and introduces the signed statement of appellant showing that he had in good faith purchased this meat from another, thus exculpating himself."

For other illustrations, see State v. Langdon, 46 N.M. 277, 127 P.2d 875, and cases cited therein.

■ In discussing the question in Robidoux v. State, 116 Tex.Cr.R. 432, 34 S.W.

2d 863, the late Judge Lattimore of the Texas Court of Criminal Appeals had this to say:

"It appears * * * that, if, in proving its case, the state put before the jury statements of the accused, which, if true, would entitle him to an acquittal, there should be some direct and positive instruction given to the jury to that effect * * *. In other words, the right of accused in such instance should be stated to the jury in plain and unmistakable language, so that they may know that the defendant is entitled to an acquittal if such exculpatory statements be not disproved or shown to be false by other testimony."

The Oklahoma Court has heretofore in the case of Taylor v. State, 95 Okl.Cr. 98, 240 P.2d 803, page 812, approved the rule cited in Vol. 22, C.J.S. Criminal Law § 842, p. 1478, as follows:

"Where the state introduces in evidence the confession of accused, it is bound by exculpatory statements contained therein unless they are shown by the evidence to be untrue; but the falsity of such exculpatory statements may be shown by circumstantial as well as direct evidence."

In the case at bar, the statement of defendant is far from being of an exculpatory nature, as it does not tend to clear or acquit defendant of the alleged charge.

 In a case where an admission tends to exculpate the defendant and the rule applied, it should be limited to some tangible, affirmative, defensive, factual matter capable of specific disproof; and not extended to a mere recitation of innocence embroidered in the plea of not guilty. See State v. Butler, 38 N.M. 453, 34 P.2d 1100.

Under previous decisions of this Court, the statement constitutes an admission of guilty of the crime charged. It is to be noted that in defendant's statement to Officer Waggoner, he said "* * * he parked his car approximately a block and a half from the drug store and then walked

up to the back of the store and *opened a heavy mesh screen.*"

 This Court held in the case of Yeargin v. State, 54 Okl.Cr. 34, 14 P.2d 431, that:

"The breaking and entering necessary to constitute burglary may be any act of physical force, however slight, by which the obstruction to entering is forcibly removed, and the opening of a closed door in order to enter a building may constitute."

Also, see Lumpkin v. State, 25 Okl.Cr. 108, 219 P. 157.

Therefore, it is the opinion of the Court that the evidence was sufficient to support the verdict of the jury and defendant is not entitled to a reversal on what he contends. is a statement containing exculpatory matter.

The judgment and sentence of the trial court is accordingly affirmed.

BUSSEY, P. J., and JOHNSON, J., concur.