William Francis KNOTT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13990.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1967.

Robert W. Booth, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Ownes, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

William Francis Knott, hereinafter referred to as defendant, was convicted for the crime of Manslaughter in the First Degree, and appeals.

The single assignment of error urged on appeal is that the trial court erred in failing to give defendant's requested instruction relating to exculpatory statements.

As part of the State's case in chief, Officer Tom Yerton testified in part as follows:

"Q. At that time what did he say to you?

A. 'I [the defendant] killed him, it was an accident. I wish someone would shoot me. I killed him. His ex-wife lives at 542 South Norfolk. I called police. I am sorry. I shot him with a shotgun.'

Q. These were the words he used?

A. Yes."

The instruction requested by defendant was:

"DEFENDANT'S REQUESTED INSTRUCTION NO. 1.

'You are instructed that an exculpatory statement is defined as an explanation, or statement, tending to explain or to clear defendant from alleged fault or guilt, and you are further instructed that an exculpatory statement is one that tends to excuse or justify one's actions or presence.

In this connection, you are further instructed that when an exculpatory statement, by the defendant, is introduced into evidence by the State, the State is bound by the exculpatory statement, unless said statements are shown by the evidence to be untrue, and the burden of proving the falsity of said exculpatory statement is upon the State.

You are further instructed that unless exculpatory statement of the defendant in this case is shown to be false, either by direct or circumstantial evidence, that the State of Oklahoma is bound thereby, and the defendant is entitled to be acquitted by you.' "

It is the position of the defendant that under the authority of Dean v. State, Okl.Cr., 381 P.2d 178 and Mitchell v. State, Okl.Cr., 408 P.2d 566, the trial court erred in refusing to give the requested instruction above set forth.

In Dean v. State, supra, this Court, speaking through the Honorable Kirksey Nix, cited with authority the views expressed by the Court of Criminal Appeals of the State of Texas. In the Dean case the following language appears in the Syllabi:

"1. Where the defendant does not testify in the case, and where the state, in developing its case in chief, introduces in connection with a confession or admission of the defendant, an exculpatory statement which, if true, would entitle him to an acquittal, the jury should be told that he is entitled to a verdict of not guilty unless such exculpatory statement has been disproved or shown to be false by other evidence in the case.

2. Where the state introduces in evidence the confession of accused, it is bound by exculpatory statements contained therein unless they are shown by the evidence to be untrue; but the falsity of such exculpatory statements may be shown by circumstances as well as direct evidence.

3. In order for a statement to come within the category of an exculpatory nature, it must be a tangible, affirmative, defensive, factual matter capable of specific disproof, and not extending to a mere recitation of innocence embroidered in the plea of not guilty."

In the instant case the conclusion of the defendant that the homicide was an accident was not a sufficient recitation of facts to bring it within the rule requiring the court to grant the requested instruction. Even if such statements were sufficient to authorize the giving of an instruction, when the defendant took the stand and offered evidence tending to establish self defense, the necessity for giving such an instruction was obviated.

In Rios v. State, 162 Tex.Cr.R. 609, 288 S.W.2d 77, the following language appears:

"Where defendant testified as a witness in his own behalf in murder prosecution, and his testimony was to the same effect as the part of the confession claimed to be exculpatory, and issue of self defense raised by defendant's testimony was fully presented to and passed on by jury, court did not err in omitting a charge on exculpatory statements."

Under the record before us we are of the opinion that the evidence amply supports the verdict of the jury and that the trial court fully and meticulously instructed the jury and that the judgment and sentence should be, and the same is hereby,

Affirmed.

BRETT, J., and NIX, P. J., concur.