Clifford Rhea HOUCHIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15337.

Court of Criminal Appeals of Oklahoma.

July 1, 1970.

Rehearing Denied Sept. 9, 1970.

D. C. Thomas, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Clifford Rhea Houchin was charged, tried and convicted in the District Court of Oklahoma County with the crime of Burglary in the Second Degree After Former Convictions of Felonies, and from the judgment and sentence fixing his punishment at ten years imprisonment in the state penitentiary, he appeals.

Briefly stated, the evidence discloses that Houchin, hereinafter referred to as defendant, removed a box containing a television set from the trunk of a car belonging to Dorothy Davis. He was observed placing this television set in the trunk of his car and arrested by Officer Kerlick. The evidence further discloses that the trunk of the Davis' car was not closed because of the height of the box containing the television set, and that it had been secured by a nylon cord which was broken when the defendant opened the trunk.

It is first contended by the defendant that the evidence was not sufficient to support the verdict of the jury for the reason that there was no "breaking and entering" as contemplated by the provisions of 21 O.S. § 1435, the same providing:

> "Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

We are of the opinion that this assignment of error is without merit. In Lumpkin v. State, 25 Okl.Cr. 108, 219 P. 157 (1923), this Court stated, and has continued to follow, the following rule:

> "It is a familiar principle that a breaking, necessary to constitute the crime of burglary, may be by any act of physical force, however slight, by which obstruction to entering is forcibly removed and the opening and closing of a door to enter a building may constitute a breaking * * *"

■ In the instant case it is apparent that the nylon cord which was broken when the defendant opened the trunk, served the purpose of a lock or latch, the breaking of which to gain entry falls squarely within the purview of 21 O.S. § 1435, supra.[1]

■ It is next contended that there was no evidence of entry as required by 21 O.S. § 1435 and for that reason his Demurrers and Motions to Dismiss were improperly overruled. We are of the opinion that this assignment of error is also without merit, for it is readily apparent that the box containing the television set was in the trunk of Mrs. Davis' automobile and that in order to remove the box from said trunk and place it in his own vehicle, the defendant, of necessity, had to place his hands inside the trunk.

■ There are other assignments of error which we deem it unnecessary to deal with in this opinion since the evidence of guilt was overwhelming and the errors complained of are not of such nature as to require reversal, modification not being possible since the defendant received the minimum sentence for the offense for which he stands convicted.[2]

The judgment and sentence appealed from is accordingly affirmed.

BRETT, P. J., and NIX, J., concur.

[1]. In Landry v. State, 96 Tex.Cr.R. 417, 258 S.W. 172, which involved a prosecution for burglary, the court found that the requisite "breaking" was present where the defendant, in order to obtain entrance to a garage, unfastened a wire in order that the door might be opened.

[2]. Title 21 O.S. § 51 provides, in part: "Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows: 1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than ten years."