SPLAWN v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SPLAWN v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SPLAWN v. STATE
2020 OK CR 20
Case Number: F-2019-587
Decided: 11/05/2020
BRET KEVIN SPLAWN, Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2020 OK CR 20, __ __

 

 

SUMMARY OPINION

ROWLAND, JUDGE:

¶1 Appellant Bret Kevin Splawn appeals his Judgment and Sentence from the District Court of Comanche County, Case No. CF-2017-739, for First Degree Murder, in violation of 21 O.S.Supp.2012, § 701.7.[1] The Honorable Scott D. Meaders, District Judge, presided over Splawn's jury trial and sentenced him in accordance with the jury's verdict to life imprisonment and a $10,000.00 fine.[2] Splawn raises two claims on appeal:

(1) whether the district court erred in failing to submit a jury instruction on exculpatory statements; and

(2) whether he received effective assistance of counsel.

¶2 We find relief is not required and affirm the Judgment and Sentence of the district court.

FACTS

¶3 Around midnight on October 29, 2017, Splawn reported to a 911 operator that he had shot his wife's uncle in the Lawton home they shared. During both the 911 call and his police interview, Splawn insisted the shooting was accidental and transpired when he dislodged a bullet from the victim's .380 caliber handgun with a screwdriver. Splawn was adamant that he did not pull the trigger and that the gun was pointed at the ground away from the victim when the gun misfired. Although Splawn said he and the victim were not arguing that day, the lead detective sensed Splawn's hostility toward the victim because of the victim's sporadic ability to meet his financial obligations, lack of hygiene, and frequent alcohol consumption.

¶4 Forensic evidence and expert testimony amply refuted Splawn's accidental misfire explanation. The evidence showed that the victim was shot in the head at close range with a .45 caliber hollow point round. Police found a spent .45 caliber shell casing near the victim's body. Police also found the murder weapon, a .45 caliber handgun, hidden behind books in a nearby bookshelf. The handgun had the victim's blood on the grip and bottom of the magazine, a hair on the end of the barrel, and fragments of flesh on and inside the barrel. Other facts will be discussed as they become relevant to the propositions of error raised for review.

1. Exculpatory Statement Instruction

¶5 Splawn claims the district court committed plain error and violated due process by failing to instruct the jury on the law concerning exculpatory statements of fact. He failed to request the exculpatory statement instruction or object to its omission below, waiving review of this claim for all but plain error. See Tafolla v. State, 2019 OK CR 15, ¶ 37, 446 P.3d 1248, 1261. Splawn has the burden in plain error review to demonstrate 1) the existence of an actual error (i.e., deviation from a legal rule); 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding. Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. Even where this showing is made, this Court will correct plain error only where the error seriously affected the fairness, integrity or public reputation of the judicial proceedings or represented a miscarriage of justice. Id.; 20 O.S.2011, § 3001.1.

¶6 The "exculpatory statement of fact rule" was first cited with approval by this Court in Taylor v. State, 1952 OK CR 15, 95 Okl.Cr. 98, 105, 240 P.2d 803, 812. The Court stated:

Where the state introduces in evidence the confession of accused, it is bound by exculpatory statements contained therein unless they are shown by the evidence to be untrue; but the falsity of such exculpatory statements may be shown by circumstantial as well as by direct evidence.

Id. (quoting 22 C.J.S., Criminal Law, § 842, p. 1478).

¶7 In Dean v. State, 1963 OK CR 18, ¶ 15, 381 P.2d 178, 182, this Court further explained the contours of this rule: "In a case where an admission tends to exculpate the defendant and the rule applied, it should be limited to some tangible, affirmative, defensive, factual matter capable of specific disproof; and not extended to a mere recitation of innocence embroidered in the plea of not guilty." See also Cannon v. State, 1998 OK CR 28, ¶ 33, 961 P.2d 838, 848 (explaining an exculpatory statement is a statement made by the defendant regarding a tangible factual matter capable of specific disproof which tends to clear the defendant of guilt or justify his or her actions).

¶8 The uniform exculpatory statement instruction provides that "[w]here the State introduces in connection with a confession or admission of a defendant an exculpatory statement which, if true, would entitle him/her to an acquittal, he/she must be acquitted unless such exculpatory statement has been disproved or shown to be false by other evidence in the case." Instruction No. 9-15, OUJI-CR(2d); see also Stiles v. State, 1992 OK CR 23, ¶¶ 25-26, 829 P.2d 984, 990-91. Hence a defendant must be acquitted based on his or her exculpatory statement, unless the State disproves the statement through direct or circumstantial evidence. Cannon v. State, 1995 OK CR 45, ¶ 34, 904 P.2d 89, 103. We will not disturb a jury verdict where there is sufficient evidence to disprove the defendant's exculpatory statement. See Black v. State, 2001 OK CR 5, ¶¶ 34-38, 21 P.3d 1047, 1062-64 (rejecting sufficiency of the evidence challenge because evidence refuted defendant's exculpatory statement). Nor will we find error based on the omission of an exculpatory statement instruction where the evidence sufficiently disproved the defendant's exculpatory statement. See Kinchion v. State, 2003 OK CR 28, ¶ 14, 81 P.3d 681, 685 (holding district court did not abuse its discretion in refusing to give jury instruction on exculpatory statements because defendant's statement to police was disproved by other evidence); Cannon, 1998 OK CR 28, ¶ 33, 961 P.2d at 848-49 (finding district court committed no error in failing to instruct the jury on exculpatory statements because "the State presented circumstantial evidence refuting Appellant's statement"); Rogers v. State, 1995 OK CR 8, ¶ 18, 890 P.2d 959, 971 (finding "[t]he State presented circumstantial evidence refuting [Appellant's] statement," and therefore the "trial court did not err in neglecting to sua sponte instruct the jury on exculpatory statements").

¶9 According to Splawn's statements, the victim handed him a .380 caliber handgun because a bullet was lodged in the chamber. After Splawn extracted the bullet with a screwdriver, he placed the bullet back in the gun at the victim's request. Splawn claimed the gun was directed at the ground, and that the gun misfired when he pulled the slide back. Splawn said that he was in the den and that the victim was sitting at the top of the den stairs in a wheelchair, ten to fifteen feet away when the gun misfired.

¶10 The State, however, provided considerable direct and circumstantial evidence disproving Splawn's accidental misfire claim. The physical evidence showed the victim was shot in the right temple with a .45 caliber hollow point round rather than a .380 pistol as Splawn maintained. The trajectory was downward indicating the shot came from a standing, upright position rather than from his seated position at the bottom of the stairs as Splawn claimed. According to the lead detective and the State's firearms expert, a person with Splawn's military and security experience in firearms would easily recognize the difference between the .45 caliber and the .380 caliber handguns. The firearms expert also testified that the safety features of the .45 caliber handgun made it impossible for the gun to fire with the slide pulled back in the manner Splawn described. According to the expert in blood spatter analysis and shooting reconstruction, the victim could not have been shot in the manner Splawn claimed because the star-shaped entrance wound contained the presence of lead and soot from the bullet inside the wound, with a muzzle imprint next to the wound and a zigzag split of the skin at the back of the skull, all demonstrating that the shot occurred from a close distance. The blood spatter expert further testified that the blood spatter on the .45 caliber handgun was a mist indicative of a close-range shot, and that no gunshot wound resembling that of the victim's had come from a distance greater than a foot.

¶11 The record in the instant case shows the State provided more than ample evidence disproving Splawn's accidental shooting/misfire defense. Based on the case law cited above, we find that the district court did not err in excluding an exculpatory statement instruction. See Hogan, 2006 OK CR 19, ¶ 39, 139 P.3d at 923 (stating, "[t]he first step in plain error analysis is to determine whether error occurred"); Rogers, 1995 OK CR 8, ¶ 18, 890 P.2d at 970-71 (holding when the State disproves a defendant's statement, the district court commits no error by not submitting an exculpatory statement instruction). Moreover, Splawn can establish no prejudice because the district court properly instructed the jury on the State's burden of proof, the presumption of innocence, and the voluntariness of his statements. See Hogan, 2006 OK CR 19, ¶ 47, 139 P.3d at 926 (holding district court did not err in refusing exculpatory statement instruction because defendant's statement was disproved by other evidence and absence of the instruction was not prejudicial because the jury was instructed on the State's burden of proof, the presumption of innocence, and the voluntariness of his statement). Because Splawn has not shown error from the omission of an exculpatory statement instruction, we deny this claim.

2. Ineffective Assistance of Counsel

¶12 Splawn claims he is entitled to relief because of ineffective assistance of trial counsel. He faults defense counsel for failing to request a jury instruction on exculpatory statements. Splawn also complains that defense counsel failed to act as a zealous advocate during opening statement and failed to marshal the evidence on his behalf during closing argument. This claim is without merit.

¶13 This Court reviews claims of ineffective assistance of counsel to determine: (1) whether counsel's performance was constitutionally deficient; and (2) whether counsel's performance prejudiced the defense so as to deprive the defendant of a fair trial with reliable results. Strickland v. Washington, 466 U.S. 668, 687 (1984); Malone v. State, 2013 OK CR 1, ¶ 14, 293 P.3d 198, 206. This Court need not determine whether counsel's performance was deficient if there is no showing of harm. See Malone, 2013 OK CR 1, ¶ 16, 293 P.3d at 207.

¶14 Splawn's claim must fail for lack of prejudice. As discussed in Proposition I, supra, the district court did not err in failing to submit an exculpatory statement instruction because the State's evidence refuted Splawn's exculpatory statement. Because Splawn cannot show error from the omission of an exculpatory statement instruction, he cannot meet his burden to show that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. See Strickland, 466 U.S. at 693; Head v. State, 2006 OK CR 44, ¶ 23, 146 P.3d 1141, 1148.

¶15 Splawn's claim that defense counsel was ineffective for failing to act as a zealous advocate and to marshal the evidence during closing argument is likewise unavailing. The evidence overwhelmingly supported a finding that Splawn intentionally shot the victim and that the shooting was no accident. Defense counsel fashioned a defense and closing argument acknowledging the strength of the evidence against Splawn while pointing out weaknesses in the prosecution's case. If defense counsel had failed to acknowledge the State's evidence that wholly refuted Splawn's claim of accident, he would have undermined his credibility with the jury. See Hale v. State, 1988 OK CR 24, ¶ 48, 750 P.2d 130, 142 (noting ignoring the overwhelming evidence against the defendant would have destroyed counsel's credibility with the jury); Thompson v. State, 2007 OK CR 38, ¶ 31, 169 P.3d 1198, 1208 (finding counsel's closing argument was a reasonable strategic decision since facts and evidence did not support the initial defense claim). Notwithstanding the overwhelming evidence against Splawn, defense counsel's strategy resulted in the imposition of the minimum sentence. See Thompson, 2007 OK CR 38, ¶ 31, 169 P.3d at 1208 (stating, "[defendant] cannot establish prejudice, as the evidence against him was too overwhelming"). Based on this record, Splawn cannot show a reasonable probability that the outcome of his trial would have been different had defense counsel presented the points in opening statement and closing argument in the manner he argues on appeal. For these reasons, we find that Splawn has not established the necessary prejudice to prevail and that his ineffective assistance of counsel claim must be denied.

DECISION

¶16 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2020), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF COMANCHE
COUNTY, THE HONORABLE SCOTT D. MEADERS,
DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 LARRY CORRALES
 TERESSA WILLIAMS
 AUSTIN RABON
 ATTORNEYS AT LAW
 1309 W. GORE
 LAWTON, OK 73501
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 MARIA T. KOLAR
 APPELLATE DEFENSE
 COUNSEL
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 CHRISTINE GALBRAITH
 EVAN WATSON
 ASST. DISTRICT ATTORNEYS
 COMANCHE CO. COURTHOUSE
 315 S.W. 5TH STREET
 LAWTON, OK 73501
 COUNSEL FOR STATE
 
 
 MIKE HUNTER
 ATTY. GENERAL OF OKLAHOMA
 KEELEY L. MILLER
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: ROWLAND, J.
LEWIS, P.J.: Specially Concur
KUEHN, V.P.J.: Concur
LUMPKIN, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

[1] In addition to First Degree Murder, the State charged Splawn with two misdemeanors, namely Possession of Controlled Dangerous Substance (Count 2), in violation of 63 O.S.Supp.2017, § 2-402, and Unlawful Possession of Drug Paraphernalia (Count 3), in violation of 63 O.S.2011, § 2-405. Splawn pleaded guilty to the misdemeanor crimes prior to jury trial for Count 1. The district court sentenced him to a $100.00 fine on Count 2 and a $50.00 fine on Count 3. Splawn appeals only his felony conviction.

[2] Under 21 O.S.Supp.2015, § 13.1, Splawn must serve 85% of his sentence of imprisonment before he is eligible for parole consideration.

LEWIS, PRESIDING JUDGE, SPECIALLY CONCURRING:

¶1 I commend Judge Rowland for a thorough and academic presentation of the law on the instruction regarding a defendant's exculpatory statements of fact as found at OUJI CR (2d) 9-15. The opinion, however, offers nothing new on the law; it merely restates established precedent.

¶2 The instruction was not requested by any party and obviously was not given by the trial court sua sponte. Trial judges are not required to submit "an instruction on every possible question of law that might be involved, particularly where the defendants are represented by able counsel, as in this case." Hopkins v. State, 1924 OK CR 322, 231 P. 97, 98. 

¶3 Whether or not this instruction would have been given matters not one iota to the outcome of this case. The self-serving statements of the defendant were overwhelmingly refuted by the evidence. Based on the overall facts of the case, the instruction was unnecessary. Moreover, the instructions given, as a whole, covered the salient features of the law necessary to this case. See Hogan, 2006 OK CR 19, ¶ 39, 139 P.3d at 923.

¶4 There was no error, plain or otherwise, in the failure to instruct the jury on exculpatory statements of fact.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 24, 750 P.2d 130, HALE v. STATE
Discussed
 1992 OK CR 23, 829 P.2d 984, STILES v. STATE
Discussed
 1995 OK CR 8, 890 P.2d 959, ROGERS v. STATE
Discussed at Length
 1995 OK CR 45, 904 P.2d 89, CANNON v. STATE
Discussed
 2001 OK CR 5, 21 P.3d 1047, 72 OBJ 858, BLACK v. STATE
Discussed
 1924 OK CR 322, 231 P. 97, 28 Okl.Cr. 405, Hopkins v State
Discussed
 2003 OK CR 28, 81 P.3d 681, KINCHION v. STATE
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed at Length
 2006 OK CR 44, 146 P.3d 1141, HEAD v. STATE
Discussed
 2007 OK CR 38, 169 P.3d 1198, THOMPSON v. STATE
Discussed at Length
 2013 OK CR 1, 293 P.3d 198, MALONE v. STATE
Discussed at Length
 2019 OK CR 15, 446 P.3d 1248, TAFOLLA v. STATE
Discussed
 1963 OK CR 18, 381 P.2d 178, DEAN v. STATE
Discussed
 1952 OK CR 15, 240 P.2d 803, 95 Okl.Cr. 98, TAYLOR v. STATE
Discussed
 1998 OK CR 28, 961 P.2d 838, 69 OBJ 1803, Cannon v. State
Discussed at Length
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 701.7, Murder in the First Degree
Cited
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-405, Prohibited Acts E- Penalties
Cited
 63 O.S. 2-402, Prohibited Acts B - Penalties
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA